UNITED STATES of America,
Plaintiff,

v.

Clifford SEVERSON and Mable Severson, and Vernon County, Wisconsin, a public corporation, Defendants.

No. 68-C-87.

United States District Court,
W. D. Wisconsin.

Feb. 20, 1970.

Edmund Nix (former U. S. Atty.), Madison, Wis., Daniel S. Boos, U. S. Dept. of Interior, Minneapolis, Minn., for plaintiff.

Quincy H. Hale, William P. Skemp, La Crosse, Wis., for Seversons.

No appearance for defendant Vernon County.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

The United States has brought this action to clear a cloud on its title to certain land lying within this district and for ejectment. Jurisdiction is present under 28 U.S.C. § 1345.

A hearing has been held herein, and the parties have stipulated to most material facts. I find the facts to be as follows:

In 1862 and 1874 the United States patented and sold to certain individuals the then shorelands along the east bank of the Mississippi River, described as Government Lots 1 and 2, Section 5, Township 12 North, Range 7 West, 4th Principal Meridian, Vernon County, Wisconsin. At that time there lay immediately to the west of Lots 1 and 2 a river island (previously observed by surveyors) separated from Lots 1 and 2 by a slough. The westerly boundary of said island was defined by another slough known as Thief Slough; immediately west of Thief Slough lay the island now called Island 126. Both of these islands lay east of the thread of the river. Since 1848 the thread of the river has marked the western boundary of the State of Wisconsin.

With the passage of time the slough between Lots 1 and 2 and the river island disappeared because of a gradual filling of the channel with silt. The lands lying east of Thief Slough and west of Lots 1 and 2 ceased to be an island and replaced Lots 1 and 2 as the eastern shore of the Mississippi River. In 1935 these new shorelands, the former island, were surveyed and were shown to contain 468.15 acres. The plat of the survey was approved on March 11, 1937. In 1943 the northern portion of the former island, designated as Lots 5, 6 and 7, Section 32, Township 13 North, Range 7 West, Fourth Principal Meridian, was patented by the United States to one Morris, who had previously established a homestead there. The southern portion of the former island, designated as Lots 2, 4 and 5 of Section 8

and Lot 4 of Section 9, Township 12 North, Range 7 West, Fourth Principal Meridian, was granted to the State of Wisconsin under the Swamp Land Act of September 28, 1850, 9 Stat. 519. The remaining lands on the former island— Lots 3, 4, 5, 6, 7, 8 and 9 and the west one-half of the southeast quarter, Section 5, and Lot 3, Section 8, Township 12 North, Range 7 West, Fourth Principal Meridian—were never sold or patented by the United States. These remaining lands, as well as Island 126, which is also unpatented, are administered by the United States as part of the Upper Mississippi Wildlife and Fish Refuge.

Defendants Clifford Severson and Mable Severson, residents of Wisconsin, acquired by a quit claim deed dated April 9, 1959, substantially all of Lots 1 and 2, Section 5, Township 12 North, Range 7 West. Lots 1 and 2 were originally riparian to the slough which separated the shorelands from the river island. Defendant Vernon County has assessed and collected taxes on Lots 3, 4, 5, 6, 7, 8 and 9 and the west one-half of the southeast quarter of Section 5.

The land here in dispute can be described as follows: All land lying west of the medial line surveyed in 1935 and shown on the survey plat approved on March 11, 1937 (plaintiff's exhibit 5). (The "medial line" is a line drawn down the center of the main channel of the former slough which separated Lots 1 and 2 of Section 5 from the former island). All such disputed land west of the medial line lies east of the center of the main channel of the Mississippi River and is included within the boundaries of the State of Wisconsin. Plaintiff United States does not claim any land lying east of said medial line. The disputed lands all lie west of Lots 1 and 2 of Section 5. Defendants Clifford Severson and Mable Severson, as owners of Lots 1 and 2 of Section 5, claim title to the real estate lying west of their land and to the center of the Mississippi River; such claim includes the unpatented portions of the former river island

designated Lots 3, 4, 5, 6, 7, 8 and 9 and the west one-half of the southeast quarter, Section 5, as well as a 20 acre portion of Island 126 lying south of the extended section line between Section 5, Township 12 North, Range 7 West, and Section 32, Township 13 North, Range 7 West. All such land lying west of said Lots 1 and 2 was in existence at the time the State of Wisconsin was admitted to the Union, May 29, 1848, except that portion thereof filled in by the action of the river. Such land is substantial and lies above normal high water lines except in times of flood when it may be completely or partially covered by water for several weeks.

The theory of defendants' claims to the disputed real estate, based upon the facts as found above, is this:

When the United States in 1862 and 1874 granted patents to Lots 1 and 2 of Section 5 to defendants' predecessors in title, the patentees automatically, by operation of Wisconsin law, became the owners of all lands and islands lying directly west of Lots 1 and 2 but east of the thread of the river, including a portion of the former river island and a portion of Island 126. See Franzini v. Layland, 120 Wis. 72, 97 N.W. 499 (1903); Chandos v. Mack, 77 Wis. 573, 46 N.W. 803, 10 L.R.A. 207 (1890). As the present owners of Lots 1 and 2, defendants assert the claim said to have accrued to the patentees of Lots 1 and 2.

The theory of plaintiff's claims to the disputed real estate, based upon the facts as found above, is this:

The question as to the extent of the land granted by the United States under the patents to Lots 1 and 2 is exclusively a federal question to be determined in accordance with federal law. While it is correct under Wisconsin law that riparian owners own the riverbed and any islands up to the thread of a stream, the applicable federal law provides that all islands in existence on navigable streams at the time a state is admitted to the Union remain in federal ownership until

specifically conveyed away. See Scott v. Lattig, 227 U.S. 229, 33 S.Ct. 242, 57 L.Ed. 490 (1913). Thus the patentees of Lots 1 and 2 could have obtained no title to lands that were then islands under the ownership of the United States; consequently, defendants have no title to such lands, which have remained unpatented.

I find that the facts of this case are very similar to those in Blask v. Sowl, D.C., 309 F.Supp. 909, decided by this court on February 13, 1967. The legal arguments raised herein are identical to those raised and decided in *Blask, supra*. In *Blask* the federal rule on the ownership of islands, as set forth in plaintiff's theory above, was held to be the law. Accordingly, judgment will be entered herein for plaintiff United States for the reasons stated in Blask v. Sowl, *supra*.

The record herein shows that defendant Vernon County was duly served with a copy of the summons and complaint on June 12, 1968. Defendant Vernon County has failed to appear and has failed to plead or otherwise defend this action. Judgment by default will therefore be entered against it in accordance with the demands of the complaint. Rule 55, F.R. Civ.P.

Upon the basis of the entire record herein, and for the reasons stated in Blask v. Sowl, *supra*, which are incorporated herein by reference,

It is ordered and adjudged,

(1) that title to Lots 3, 4, 5, 6, 7, 8 and 9, and the west one-half of the southeast quarter of Section 5, Township 12 North, Range 7 West, 4th Principal Meridian, and that portion of Island 126 lying south of the extended section line between Section 5, Township 12 North, Range 7 West, and Section 32, Township 13 North, Range 7 West, all in Vernon County, Wisconsin, is in the United States of America;

(2) that defendant Vernon County is enjoined from assessing taxes against any portion of the lands described in paragraph (1) above, and that any taxes assessed against any portion of the lands described in paragraph (1) by defendant Vernon County at any time prior to this date are declared null, void and unenforceable against the United States; and

(3) that plaintiff is granted a judgment of ejectment of defendants from the premises described in paragraph (1).